Issue a decision in due course. Thank you. All right, next case on the docket is People v. Frank Price, clause number 5-10-47. And Mr. Burke, you're up first, sir. Whenever you get ready. Thank you. In place of the court is Robert Burke of the Health Defender's Office, representing Frank Price. We're asking this court to send the case back to Madison County District Court to conduct a hearing or an inquiry concerning a post-trial conflict of interest. There's also a motion taking the case, a motion to extract portions of the state's brief. Your Honor, this is not a complicated case. This is about a very narrow issue about what happened on December 22, 2009. It's not about how spectacular the defense attorney was at trial. It's not about the correctness of the trial court's ruling on October 21 demanding a motion to withdraw that was filed on October 15. It's about this very narrow issue. We're all very busy. We all have demands on our time. There's no reason to make this issue something that it's not. The defense attorney filed a motion to withdraw after trial pursuant to Illinois Rule of Professional Conduct 1.782. That Rule of Professional Conduct says that if there's a conflict of interest because an attorney represents two different clients, then the attorney has to withdraw, I guess, from at least one of the cases unless both clients agree to waive the conflict of interest. The judge granted that motion because they couldn't communicate and agree. And that's not on the record. I'm not contesting whether the judge was correct in that ruling or whether he was not. That was the ruling on October 21 and the motion on October 15. A public defender was appointed, then a second and a third. And then another one, Anthony Dos Santos, filed a motion to be substituted out with the original attorney substituted in and said these two guys have resolved their conflict. There's no hearing on the record. This motion comes up for hearing on the day of sentencing. Nobody ever addresses the defendant about it. Nobody ever asks on the record, Mr. Dos Santos, any questions about it, Mr. Delaney, any questions about it. The judge simply says, Mr. Delaney's appearing on behalf of the defendant. Now, there was a conflict. The basic problem is we don't know what the – the record does not reflect what the conflict was or if there was a per se type conflict or whether it was just they couldn't get along. We just don't know. Is that right? Yes, Your Honor. Now, it would seem to me that because the motion – the original motion to withdraw was based on conflict of interest, that it went beyond potential conflict of interest or per se conflict of interest. When the judge said, yes, you're given leave to withdraw, that was because there was a conflict of interest. Well, the motion itself set out in quotes the rule that you've already mentioned, which included situations where a person's a witness who represents another case, and we just don't know what applies on the record. Yes, Your Honor. Actually, in that way, it sounds like very similar to another case in Madison County. Just as what was one of the judges on at the appellate court, People v. Coleman, I think it was a death penalty murder case from over there. Thomas Hildebrand was the attorney, and he represented a number of these guys, and it wasn't really clear why he represented each one of them, but it was clear that there was a conflict because he represented witnesses and the defendant and things like that. So the judge granted the motion. Let me ask you a question. Excuse me if I cough. The state says that Attorney DeSantis had full authority to file the motion to resubstitute or substitute the original attorney back in. Is that right? So did the defendant sit there silently and say nothing when the attorney that he originally had a conflict with is there and he's sentencing? That's correct, Your Honor. So clearly the trial court didn't ask, but the defendant didn't say, I didn't authorize this attorney to come back and represent me. That's correct, Your Honor, and I believe that gets back to the question that Justice Stewart was asking about there's nothing on the record. Supreme Court Rule 401 says, under Supreme Court Rule 401, if you're a wife of counsel or a wife of conflict, then it has to be on the record. The judge has to make sure that there's no intelligence done. That's 401A. 401B says you have to put it on the record. Ask the defendant something. Mr. Price, have you seen that motion? How do you feel about that? Do you agree with that? Do you understand that you have a right to conflict if you have counsel? The court could have – it wasn't Mr. Price's duty to comply with 401B. It was the court's duty to comply with 401B. And the fact that Mr. Price was not addressed and did not speak up, I don't believe affects the court's duty under 401B. And really that's what this case is about. I think you also say that Santos' motion to withdraw and to reappoint the original attorney was never sent to the defendant before the sentencing hearing? There's a proof of service showing that it was sent to the prosecutor and it was sent to Mr. Delaney. But the proof of service does not show that it was sent to the defendant. And that's something that has to be done on the motion to substitute. So it has to be given 18 days' notice. And I believe I cite that particular Supreme Court rule might be on 13. Are there any other questions? Thank you, Your Honor. Stacy? Thank you, Your Honor. Counsel, may it please the court. My name is Kelly Stacy, appearing on behalf of the people. Something occurred after the jury found the defendant guilty of first-degree murder that caused an inability to communicate between the defendant and his attorney. It is not uncommon for disharmony to arise between a defendant and an attorney after a guilty verdict. Although Attorney Delaney's motion will lead to withdrawal cited Rules 1.7, the trial court found the conflict was actually an inability to communicate. Where did the trial court find that? Two orders are particularly relevant here. At Common Law Record, page 223, is the order filed October 28, 2009, that says, cause comes on for hearing on motion to withdraw by Attorney John M. Delaney, Jr. Further discussion is had in the order, and then it says that said respondent and Attorney John M. Delaney, Jr. can no longer communicate or agree any longer. This is a finding of fact made by the trial court. It indicates the cause did come on for hearing, so there was a hearing count on this case. What's missing from the court file is a transcript or a bystander's report of Let me make sure I understand, because we have very limited appendix to the briefs, but that's the order granting Delaney's motion for leave to withdraw. That's correct, Your Honor. And in that order, there are no findings about their being or whether there's any kind of conflict of interest. The only finding is they can't communicate and agree. That's correct, Your Honor. I'm sorry. Go ahead. A few notable presumptions are at work here in this case. The trial court's ruling concerning the conflict it found to exist between the defendant and Attorney Delaney is presumptively correct. The trial court is presumed to know the law and apply it properly, and the common law record, including the docket sheets, imports verity and is presumed correct. The order states cause comes on for hearing on motion to withdraw by Attorney John M. Delaney, Jr. Therefore, we know there was a hearing on the motion to withdraw. The court again found that the conflict was an inability to communicate. The state asserts, and we believe correctly, that this is a finding of fact made by the trial court. Therefore, the NOVO review is not the proper standard. When the trial court makes its ruling on specific circumstances of a case and not a broadly applicable rule of law, it is a manifest error standard. The trial court's ruling is not to be disturbed on review unless it is manifestly erroneous. Manifest error is error which is clearly plain, evident, and indisputable. The record supports the fact that the trial court properly granted the motion to withdraw, not because any rule of professional conduct was violated, but because it was aware and found the nature of the conflict was an inability to communicate. The trial court appointed Special Public Defender Steve Griffin. A conflict apparently was present from the get-go in that case because Mr. Griffin represented a material occurrence witness in the case. Following that, the court appointed Special Public Defender Lauren Koval as attorney of record. After this, it appointed Attorney Dos Santos as attorney of record. Mr. Dos Santos filed several motions on behalf of the defendant, entered an appearance, and requested all notices and correspondence be sent to him. In that motion, he asserted that the conflict between the defendant and Attorney Delaney no longer existed. It was resolved. The motion itself says he represents the defendant. He was duly appointed to represent the defendant. He indicates that he spoke with the defendant and with Mr. Delaney, and the two agreed they could now get along. Presumably, they could communicate. Let me return to that original motion to withdraw. Did you say that Delaney said he needed to withdraw because he couldn't communicate with the defendant? That's not actually alleged in the motion. It looks like what he did allege was Rule 1.7 of the conflict. The presumption, however, is not that a motion that's filed is correct. The presumption is the trial court's ruling is correct. So there was a hearing on that issue. Presumably, the court made findings of fact. It looks like it did make the finding of fact that, hey, the conflict here is an inability to communicate. That's far different than the rule of professional conduct cited within the motion. It looks to me like what happened was this could have even been a drafting error. It could have been a fore motion that was revised to fit the particular circumstances of the case, and that paragraph was left in. Or it could have been that Attorney Delaney believed there was a Rule 1.7 conflict here. But the point is the court didn't. But there was a 1.7 conflict. That's all we see as the motion for late to withdraw. That's all you see on the motion. Shouldn't the trial court have inquired and said, has that conflict with the other client that Mr. Delaney represented been resolved? I think the presumption from the trial court's order is that it did inquire into the nature of the conflict and made a specific finding of fact that the conflict was an inability to communicate, that there was actually no rule of professional conduct that would occur. Is that in the record? That was the court's finding that there's an inability to communicate? The court order specifically says that the court further finds that granting this motion will not delay the trial of the case and is not otherwise inequitable. That said respondent and attorney John M. Delaney, Jr. can no longer communicate or agree. So that looks to me to be a finding of fact. Getting to the ultimate resolution of what is this motion for late to withdraw all about? And again, it's not uncommon for that to occur after there's been a finding of guilt. The trial court's ruling on the motion indicates that the cause did come on for hearing, that the court was fully advised in the premises, and the motion to substitute should be granted. The court entered the order at the defendant's request. And because the conflict of an inability to communicate was the only conflict found by the trial court to exist, and because the defendant through his agent attorney Bill Santos informed the court that the conflict was resolved, the court really didn't have a choice other than to reinsert Mr. Delaney back into the case. He had been with the defendant through the entire trial. He was familiar with the facts of the case. He knew the defendant. And he was willing to reenter the case. The defendant has a Sixth Amendment right to counsel of choice, and that is what we have present in this case. In this case, no manifest error is present, and a reviewing court will not presume error that is not affirmatively shown on the record. People respectfully request this court to confirm the decision of the trial court. Well, I guess what you just left out is kind of the point, though. I mean, we can't really tell what happened from this record without making some assumptions or presumptions about what the trial court meant in an order. I mean, we've got an attorney who goes through a trial. Then after the trial, he says, I may have a conflict of interest. He doesn't say in the motion, we can't get along anymore because he got convicted. He says, I may have a conflict of interest. And then the judge enters an order and says, I find that they can't communicate or agree, but doesn't really say whether there's a conflict of interest or not. So for all we know, all the way through the trial, there could have existed a per se conflict of interest. Well, I believe what we do know is that the motion the attorney filed indicates that he believed or the motion itself states Rule 1.7 of the Rules of Professional Conduct. We do know affirmatively from the record that the court held a hearing on that issue. It indicates in the order the cause came on for hearing. And maybe at that hearing, the attorney went in and said, Judge, we just can't get along. But still the judge never inquired about whether there actually was a conflict and did it exist during trial. Because we don't know because we can't tell. The fact that there isn't a transcript in this record is not to be, there's not a ruling that the state has to provide that as the appellant in the case, as the appellee in the case. In this case, the record, the only thing from the record indicates the trial court held a hearing on the motion. The trial court found the conflict was an inability to communicate. It probably took Mr. Delaney out of the case, appointed another public defender, a public defender, a third one. And then that attorney indicated to the court, look, that conflict you said was present before, that the two couldn't communicate, couldn't agree anymore. That's not the case now. They're willing to work together. They can agree. And these are findings of fact made by the trial court. There were hearings on both of these issues. That's what's present in the record. There's nothing in the record that contradicts that other than what's asserted in the motion, and there's no presumption that what's asserted in that motion is actually correct. There is the presumption that the trial court's orders are correct. Thank you. Thank you, Mr. Delaney.  Quick question, Mr. Burke. I take it there was no court reporter and no electronic recording at the hearing on the motion to withdraw. I don't believe so, Your Honor. There's nothing in the record to indicate there's nothing about the initials of the court reporter or anything like that. Well, you understand what I'm, Ms. Stacy, part of her argument is, you know, you're the appellant. You know, you've got to provide a record on appeal from which we can determine. I mean, so I guess that is my question. I mean, I take it there wasn't a court reporter, and it was not electronically recorded, so there's no verbatim transcripts available. Yes, Your Honor, and part of that I do want to address as the State is trying to do something with smoke and mirrors here. But the other part of that is, and I've seen this argument from that office before, the defendant failed to comply with Supreme Court Rule 401B. Well, there's no case out there that says the defendant has to comply with Supreme Court Rule 401B. The court has to comply with Supreme Court Rule 401B. The defendant doesn't have to hire a court reporter. The defendant doesn't have to make sure there's somebody who's licensed to do court reporting or certified or whatever like that. That's the court's duty. The court has to put this on the record under 401B. The smoke and the mirrors, most of the argument I just heard was about the propriety and correctness of the October 21, 2009 order. The correctness of the October 2009 order is not before the court. If you want me to raise an issue to that, perhaps I can. The issue is about what happened on December 22, and there was no court reporter that day either. And it's not the defendant's duty to make sure that there's a court reporter there concerning counsel and possible counsel. Now, the reason I believe this is important is because opposing counsel misstated the burden of the standard of review. The standard of review for the October order, if it was before the court, would be manifest error. Fine. That's perfect. That order is not part of this appeal. This appeal is from the order of December 22. That, then, presents a question of law. The question of law is a review de novo. This is not about the October order. It seems to me maybe the judge probably made that. This is about the October order. Supposing at the time of the October order, the trial court did inquire and ascertain that there was no rules of professional conduct, conflict of interest, and that the only issue was their ability to communicate and agree, then he would have inquired on the record about it and determined that there was no, what I'll call, actual conflict of interest and would already know that. Okay? Your Honor, if the aspects had had guns and horses, the conquest of the New World might have been different. If there had been a conflict of interest. Wait a minute, though, because, I mean, we're getting back to my question. Was there a court reporter or a verbatim transcript available from the October period? No. And I'm not sure I ever got an absolute answer on that. I thought I got kind of an I don't know. There's nothing worth indicating. We have the record. We have what's been transcribed, anyway. And there's nothing in the docket sheets to show that there was a conflict. It sounds like, or it seems to me like, it was something the files brought back to the judge's office. The judges looked through it, grants the motion, and maybe they talked about it in shamans. I don't know. The record is he filed the motion for 1.7. The motion got granted. There's no transcript as required by Supreme Court Rule 401B. And I'm not complaining about the October granting. I'm just going to say after a murder conviction where the attorney represented the defendant through trial and then wants to withdraw before sentencing, okay, I think it's unlikely that that would be handled informally in chambers. Okay? I mean, I don't know. But I think most judges would be reticent to let somebody off before sentencing at that stage unless there was a good reason. Most judges are perhaps as fine as you, Your Honor. Now, in this particular case, it doesn't seem like the judge had your expertise and knowledge. Well, I can't argue with that. Thank you, Your Honor. Thank you, Mr. Burke. All right. We'll be in recess until next month.